IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRACKER BARREL OLD COUNTRY STORE, INC. and CBOCS PROPERTIES, INC.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>HIGHWAY I LIMITED PARTNERSHIP and PHOENIX REALTY ASSOCIATES, L.L.C.,<br><br>　　　　　Defendants. | Case No.:<br><br><br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING, FALSE DESIGNATION OF ORIGIN, DILUTION, FALSE ADVERTISING, AND DECEPTIVE TRADE PRACTICES**

The Plaintiffs, Cracker Barrel Old Country Store, Inc. and CBOCS Properties, Inc. (collectively "Cracker Barrel" or "Plaintiffs"), for their Complaint against the Defendants, Highway I Limited Partnership and Phoenix Realty Associates, L.L.C. ("Defendants") allege as follows:

**NATURE OF THE ACTION**

1.　　This is an action for trademark infringement under 15 U.S.C. § 1114(1), trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), false advertising under 15 U.S.C. § 1125(a), unfair competition under the common law of Delaware, trademark dilution under Delaware Trademark Act, 6 *Del. C.* § 3313, *et seq.* deceptive trade practices under Delaware's Deceptive Trade Practices Act, 6 *Del. C.* § 2532, *et seq.*, and common-law trademark infringement and unfair competition.

2. For nearly 40 years, Cracker Barrel has offered restaurant services and retail gift shop services under its trademarks and distinct trade dress. Cracker Barrel has expended a significant amount of resources to develop market presence, including widely and prominently advertising and using the Cracker Barrel trademarks and trade dress in all manner of commercial traffic. As a result, Cracker Barrel has established significant recognition and substantial goodwill in the extremely strong and well-known Cracker Barrel trademarks and trade dress.

3. It recently came to Cracker Barrel's attention that Defendants' are in the process of constructing and opening a new restaurant and gift shop that infringe upon the rights that Cracker Barrel has spent many years protecting. If Defendants' are not enjoined from using Cracker Barrel's distinctive trade dress, Defendants' restaurant and gift shop will be trading on Cracker Barrel's goodwill and is likely to cause confusion among consumers and to dilute the distinctiveness of Cracker Barrel's famous trade dress.

## THE PARTIES

4. Plaintiff Cracker Barrel Old Country Store, Inc. is a corporation organized and existing under the laws of the State of Tennessee, having a principal place of business at 305 Hartmann Drive, Lebanon, Tennessee, 37087.

5. Plaintiff CBOCS Properties, Inc. is a corporation organized and existing under the laws of the State of Michigan, having a principal place of business at 39111 W. Six Mile Road Suite 140, Livonia, Michigan, 48152.

6. Defendant Highway I Limited Partnership is a Delaware limited partnership and its registered agent is Bottle, Inc. located at 113 Dickinson Street, Dewey Beach, Delaware 19971.

7. Defendant Phoenix Realty Associates, L.L.C. is a Delaware limited liability

company that, on information and belief, is located at 33712 Wescoats Road, Unit 5, Lewes, Delaware 19958.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to their federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. Plaintiffs' are informed and believe, and on that basis allege, that this Court has personal jurisdiction over the Defendants because the Defendants are, and have been, conducting continuous and systematic business by promoting and selling services within the State of Delaware and within the boundaries of the District of Delaware. Defendants have also caused harm and committed unlawful acts hereinafter complained of in this judicial district, and Plaintiff is likely to suffer harm in this judicial district as a result of Defendants' conduct.

10. Venue is appropriate in this district in accordance with 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL ALLEGATIONS

### The Business and Trademarks of Cracker Barrel

11. Cracker Barrel is a leading national company in the area of restaurant services and retail gift shop services, including 635 restaurant and gift shops in 42 states.

12. Cracker Barrel has won numerous awards and has consistently achieved accolades and recognition for its superior service and products during its more than 40 years of restaurant and retail innovation.

13. Cracker Barrel has achieved recognition nationally, in part due to the consistent branding that the company has used since 1969. Cracker Barrel is currently the owner of over 50 U.S. federal trademark registrations that incorporate the "Cracker Barrel" name (collectively, "Cracker Barrel Word Marks"). Copies of the registrations for the Cracker Barrel Word Marks are attached hereto as Exhibit A.

14. Cracker Barrel is specifically well-known for its appearance and décor designed to resemble an old-fashioned general store.



15. Since 1979, Cracker Barrel has marketed, sold, and provided its goods and services using the distinctive and unique Cracker Barrel trade dress as shown above, which features a brown paint color, use of board and batten (wood siding), the slanted roof over the porch, porch square windows, a parapet placed above the roof of the porch, Y shaped porch posts, and an overall box shape. The elements shown and listed above, together with U.S.

4

Registration No. 157813, are collectively the "Cracker Barrel Trade Dress Mark."  As noted below, U.S. Registration No. 157813 makes no claim to color and the Cracker Barrel Trade Dress Mark is similarly not limited to a specific color.

16.     Cracker Barrel considers its intellectual property amongst its most valuable assets and acts to protect it accordingly.  As such, in 1989 Cracker Barrel sought protection of the Cracker Barrel trade dress design.  On January 2, 1990 the United States Patent and Trademark Office granted registration of the following trademark in connection with restaurant and gift shop services.  The registration makes no claim to a specific color.   The registration is incontestable. A copy of the registration for the Cracker Barrel Trade Dress Mark, U.S. Registration No. 1575813 is attached hereto as Exhibit B.



17.     One Cracker Barrel location bearing the Cracker Barrel Trade Dress Mark is located at 19950 Coastal Highway, State Route 1, Rehoboth Beach, Delaware 19971.  A photo of Rehoboth Cracker Barrel can be found below:



18. As a result of the significant sales, promotion, and use of the Cracker Barrel Trade Dress Mark, Cracker Barrel's Trade Dress Mark has become widely recognized by the general consuming public of the United States as a designation of source of the goods and services of Cracker Barrel. Cracker Barrel has expended and continues to expend resources promoting and advertising the Cracker Barrel brand and the goods and services provided thereunder.

19. As a result of such promotion and advertising, coupled with the reputation of the high quality and popularity of Cracker Barrel's goods and services, the Cracker Barrel Trade Dress Mark has gained distinction among the relevant public and attained goodwill among consumers nationally. The Cracker Barrel Trade Dress Mark and the goodwill of the business associated therewith are of inestimable value to Cracker Barrel.

**Defendant's Business and Infringement**

20. Defendants' are the owners of "Jimmy's Grille" with one location at 18541 S Main St, Bridgeville, Delaware 19933 ("Jimmy's Grille Bridgeville Location") and another location at Bellevue Street and Highway 1, Dewey Beach, Delaware ("Jimmy's Grille Dewey Beach Location") which both provide restaurant services.

21. According to the information available on Defendants' website, available at the

domain name www.jimmysgrille.org, a photo of the Bridgeville Location can be found below:



22. According to the information available on Defendants' website, available at the domain name www.jimmysdewey.com, a photo of the Dewey Beach Location can be found below:



23. In November of 2015, it came to the attention of Cracker Barrel that Defendants' were constructing and renovating a new location for Jimmy's Grille, in Rehoboth Beach, Delaware ("Jimmy's Grille Rehoboth Location.") Photos of the Jimmy's Grille Rehoboth

7

Location can be found below:





24.     Jimmy's Grille Rehoboth Location copies and misappropriates the entire look and feel of the famous Cracker Barrel building and trade dress.

25.     The similarities between the Cracker Barrel Trade Dress Mark and the Jimmy's

8

Grille Rehoboth Location are vast, and include: identical brown paint color, use of board and batten (wood siding), the slanted roof over the porch, porch square windows, a parapet placed above the roof of the porch, the identical Y shape of the front porch posts, and the overall box shape of the building combined with these features.

26. Upon learning of the Jimmy's Grille Rehoboth Location, Plaintiffs' discovered multiple articles from before the construction of the Jimmy's Grille Rehoboth Location in which Defendants' agent Alex Pires specifically likened the new location to Plaintiffs' restaurants. Specifically, Pires is quoted as saying "The location will also feature a retail shop similar to Cracker Barrel in nature, but with local products" and noted that the new location would be "kind of like Cracker Barrel, but with alcohol." Copies of these articles are attached hereto as Exhibit C.

27. An aerial map of the Rehoboth Beach, Delaware area shows the close proximity of the two locations. Plaintiffs' Rehoboth location is pictured in bottom left while the Jimmy's Grille Rehoboth Location is located on the top right.



28. Employees at Cracker Barrel's Rehoboth location have experienced multiple instances of actual confusion, wherein guests believed that the Jimmy's Grille Rehoboth Location was going to be a new Cracker Barrel location.

29. On November 4, Plaintiffs sent a letter to Highway I Limited Partnership alerting it to Plaintiffs' rights in the Cracker Barrel Trade Dress Mark, and requesting that it immediately remove and destroy all infringing elements and change the exterior appearance of the Jimmy's Grille Rehoboth Location. On November 6, Plaintiffs sent a second letter to Phoenix Realty Associates, Inc. and Highway I Limited Partnership, with a cc to Alex Pires. Copies of the letters are attached hereto as Exhibit D.

30. Defendants provide services that are identical to Plaintiffs' services, and market, promote, provide, sell, and intend to sell services through the same channels of trade and to the same customers as Plaintiffs.

10

31. Based on the identical elements of the buildings and the identical services, it is likely that more consumers will be confused as to the source of Defendants' restaurant services, the affiliation between Defendants and Plaintiffs, or the sponsorship of Defendants' services by Plaintiffs' due to the use of the famous Cracker Barrel Trade Dress Mark.

32. Defendants' use of the Cracker Barrel Trade Dress Mark in connection with Defendants' services falsely creates the impression that Defendants' restaurant and retail services are sponsored by or affiliated with Plaintiffs and constitutes trademark infringement and unfair competition.

33. Defendants do not have the consent of Plaintiffs to use the Cracker Barrel Trade Dress Marks.

34. Defendants' unfair competition and infringement demonstrate intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of customers and potential customers and of the public, to trade on Cracker Barrel's goodwill, to palm off Defendants' services as those of Cracker Barrel and to create the false impression of a connection, affiliation, association, sponsorship, or approval of or between Cracker Barrel and Defendants, all causing irreparable injury to Plaintiffs.

35. Defendants knew or should have known that their activities described above were infringing and dilutive, and thus Defendants acted knowingly, willfully, in reckless regard of the truth, and in bad faith.

36. Plaintiffs have no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**INFRINGEMENT OF FEDERALLY REGISTERED TRADMARK**
**(LANHAM ACT: 15 U.S.C. § 1114(1))**

37. Plaintiffs repeat and reallege each and every allegation set forth above.

38. Defendants' promotion, advertising, provision, sale, and offering for sale of their services under the Cracker Barrel Trade Dress Mark is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products and services, and is intended and is likely to cause such parties to believe in error that the Defendants' restaurant and retail store services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs or that Defendants are in some way affiliated with Plaintiffs.

39. Defendants' activities, as described herein, constitute infringement of Cracker Barrel's Trade Dress Mark in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.

40. Defendants' use of the Cracker Barrel's Trade Dress Mark with the promotion, advertising, and sale of its services has been and continues to be willful, deliberate, unfair, false, deceptive, and intended to trade upon the goodwill and reputation appurtenant to the Cracker Barrel Trade Dress Mark.

41. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION**
**(LANHAM ACT: 15 U.S.C. § 1125 (a)(1)(A))**

42. Plaintiffs repeat and reallege each and every allegation set forth above.

43. Defendants' conduct complained of herein constitutes federal unfair competition, false designation of origin, and false advertising pursuant to 15 U.S.C. § 1125(a).

44. Defendants' intentional, unlawful, and unauthorized use in commerce of the Cracker Barrel Trade Dress Mark, and Defendants' false advertising in commerce as described herein, is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval

12

of Defendants' services and therefore constitutes false designation of origin and false advertising, in violation of 15 U.S.C. § 1125(a). Defendants' acts have damaged and will continue to damage Cracker Barrel, and Cracker Barrel has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### FALSE ADVERTISING IN VIOLATION OF FEDERAL LAW
### (LANHAM ACT: 15 U.S.C. § 1125 (a)(1)(B))

45. Plaintiffs repeat and reallege each and every allegation set forth above.

46. Defendants' actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce which, in commercial advertising and promotion, misrepresent the nature, characteristics, and qualities of Defendants' services and/or Plaintiffs' services in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

47. Defendants' activities described above have at all times been willful and/or knowing.

48. Defendants' acts have damaged and will continue to damage Cracker Barrel and Cracker Barrel has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### TRADEMARK DILUTION
### (LANHAM ACT: 15 U.S.C. § 1125 (c))

49. Plaintiffs repeat and reallege each and every allegation set forth above.

50. Plaintiffs' Cracker Barrel Trade Dress Mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before Defendants first used, promoted, or began construction of their new building, based on, among other things, federal registration of the Cracker Barrel Trade Dress Mark, the substantial commercial success under the mark, and the extensive nationwide use, advertising, promotion, publicity, and recognition of the Cracker Barrel Trade

Dress Mark.

51. Defendants' actions, as described above, are likely to dilute the distinctive quality of and tarnish Plaintiffs' famous Cracker Barrel Trade Dress Mark, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006.

52. Defendants' activities described above have at all times been willful and/or knowing.

53. As a direct and proximate result of action of Defendants described above, Cracker Barrel has been damaged and will continue to be damaged.

## FIFTH CLAIM FOR RELIEF
## TRADEMARK DILUTION
## (6 *Del. C*. § 3313)

54. Plaintiffs repeat and reallege each and every allegation set forth above.

55. Plaintiffs' Cracker Barrel Trade Dress Mark is famous in Delaware and was famous before Defendants first used, promoted, or began construction of their new building, based on, among other things, federal registration of the Cracker Barrel Trade Dress Mark, the substantial commercial success under the mark, and the extensive nationwide use, advertising, promotion, publicity, and recognition of the Cracker Barrel Trade Dress Mark.

56. Defendants' actions, as described above, are likely to dilute the distinctive quality of and tarnish Plaintiffs' famous Cracker Barrel Trade Dress Mark in violation of 6 *Del. C.* § 3301, et seq. (the "Delaware Trademark Act").

57. The above-described acts of Defendants constitute trademark dilution in violation of the Delaware Trademark Act, specifically § 3313 of the Delaware Trademark Act.

58. Defendant's activities described above have at all times been willful and/or

knowing.

59. As a direct and proximate result of actions of Defendants' actions described above, Plaintiffs have been damaged and will continue to be damaged.

## FIFTH CLAIM FOR RELIEF
## STATE UNFAIR COMPETITION
## (6 *Del. C.* § 2532)

60. Plaintiffs repeat and reallege each and every allegation set forth above.

61. As described above, Defendants have infringed the Cracker Barrel Trade Dress Mark in violation of Cracker Barrel's proprietary rights, and has engaged in unfair, deceptive, untrue, and/or misleading advertising. Such acts constitute unfair trade practices, false advertising, and unfair competition under the Delaware Deceptive Trade Practices Act, 6 *Del. C.* § 2531, *et seq.*, specifically 6 *Del. C.* § 2532.

62. As a direct and proximate result of the actions of Defendants described above, Cracker Barrel has been damaged and will continue to be damaged.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, MISAPPROPRIATION

63. Plaintiffs repeat and reallege each and every allegation set forth.

64. Defendants have infringed Cracker Barrel Trade Dress Mark in violation of Plaintiffs' proprietary rights and have engaged in false and misleading advertising. Such acts constitute unfair trade practices and unfair competition under the common law.

65. Defendants' activities described above have at all times been willful and/or knowing.

66. As a direct and proximate result of the actions of Defendants described above, Cracker Barrel has been damaged and will continue to be damaged.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs' respectfully demands a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs' prays that this Court enter judgment in their favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. A temporary restraining order and preliminary and permanent injunctions enjoining Defendants and its employees, agents, partners, officers, directors, owners, shareholders, principals, parents, subsidiaries, related companies, affiliates, distributors, wholesalers, repackagers, retailers, contractors and subcontractors and all persons in active concert or participation with any of them:

    1. From further construction of any premises, and specifically the premise located at 19753 Sea Air Avenue, Rehoboth Beach, Delaware, 19971, with the exception of removing the infringing trade dress, including, but not limited to, any combination of features which is likely to cause confusion, mistake or deception, and are further restrained from operating any business on the premises until such time as the infringing trade dress is no longer infringed;

    2. From using in any manner the Cracker Barrel Trade Dress Mark, and any marks, names, trade dress, and designs that are confusingly similar to or likely to dilute or tarnish any such marks, including without limitation, on Defendants' Jimmy's Grille Rehoboth Location and any associated

displays, advertising or promotional materials in any media or format;

3. From using in any manner any other mark, building exterior, design, or trade dress which so resembles the Cracker Barrel Trade Dress Mark as to be likely to cause confusion, deception, or mistake on or in connection with the promotion, offering for sale, and sale of any services;

4. From committing any acts calculated to cause consumers to believe that Defendants' services are sold under the control or supervision of Cracker Barrel, or that they are sponsored or approved by, connected with, guaranteed by, or produced under the control and supervision of Cracker Barrel;

5. From further diluting and infringing the Cracker Barrel Trade Dress Mark and damaging Cracker Barrel's reputation and its goodwill in the Cracker Barrel Trade Dress Mark and from trading on the goodwill of Cracker Barrel;

6. From otherwise competing unfairly with Cracker Barrel in any manner; and

7. From assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph A. 1-6 above.

B. An Order directing Defendants to remove and destroy all elements of Cracker Barrel's trade dress and change the exterior appearance of the new Jimmy's Grille restaurant location so as to cease infringing Cracker Barrel's trademark rights;

C. An Order directing Defendants to withdraw, retract, and/or destroy as applicable

all advertisements, commercials, and other materials containing: (1) any of the false or misleading statements complained of herein; and (2) any false, misleading, or deceptive statements regarding an affiliation or connection with Plaintiffs;

D. An Order directing Defendants to file with this Court and serve on Cracker Barrel's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

E. An Order requiring Defendant to account for and to pay any and all profits arising from the foregoing acts of infringement, dilution, false designation of origin, false advertising, unfair competition, and an increasing of any such profits for payment to Cracker Barrel in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

F. An Order requiring Defendant to pay compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, dilution, false designation of origin, unfair competition, and trebling such compensatory damages for payment to Cracker Barrel in accordance with 15 U.S.C. § 1117, and other applicable statutes and laws;

G. An Order requiring Defendants to pay Cracker Barrel's costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117, and other applicable statutes and laws;

H. An Order requiring Defendants to pay Cracker Barrel punitive damages in an amount as yet undetermined caused by the foregoing acts of Defendants pursuant to Delaware Trademark Act, 6 *Del C.* § 3314;

I. An Order requiring Defendants to pay punitive damages in an amount as yet undetermined caused by the foregoing acts of Defendants pursuant to Delaware Deceptive Trade Practices Act, 6 *Del C.* § 2533; and

J.      Other relief as the Court may deem appropriate, including without limitation all remedies provided for in 6 *Del C.* §§ 2501, 3301, et seq., and under any other applicable laws.

| | |
|---|---|
| Dated:  November 18, 2015 | BARNES & THORNBURG LLP |
| | |
| | */s/ Chad S.C. Stover* |
| | Chad S.C. Stover (No. 4919) |
| | 1000 N. West Street, Suite 1500 |
| | Wilmington, DE 19801-1050 |
| | Tel:  302-300-3474 |
| | Fax:  302-300-3456 |
| | Chad.Stover@btlaw.com |
| | |
| | Of Counsel: |
| | |
| | Felicia J. Boyd (*pro hac vice pending*) |
| | 225 S. Sixth St., Suite 2800 |
| | Minneapolis, MN  55402-4662 |
| | Tel:  (612) 367-8729 |
| | Fax:  (612) 333-6798 |
| | Felicia.boyd@btlaw.com |
| | |
| | Caitlin R. Byczko (*pro hac vice pending*) |
| | 11 S. Meridian St. |
| | Indianapolis, IN 46202 |
| | Tel:  (317) 231-7550 |
| | Fax:  (317) 231-7433 |
| | Cbrandon@btlaw.com |